# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**FRANK E. DOWDEN and JUDITH DOWDEN**                                        **PLAINTIFFS**

**v.**                                      **CASE NO. 4:05-CV-192 GTE**

**FRANCISCO TOVAR GARCIA and**
**COLLINS & ASSOCIATES, INC.**                                                     **DEFENDANTS**

## ORDER ON MOTION IN LIMINE

Presently before the Court is Plaintiff's Motion in Limine to exclude certain evidence. Plaintiff requests that evidence of the following be excluded from evidence:

I.) "Secondary gain" evidence designated by Defendants from the deposition of Dr. Herbert M. Biel;

II.) An unqualified diagnosis made by Dr. Herbert M. Biel;

III.) Evidence regarding an unrelated functional capacities examination designated by Defendants from the deposition of Dr. Robert M. Baltera;

IV.) Evidence regarding a workers' compensation claim made by Plaintiff Frank E. Dowden in relation to a spider bite injury, which is unrelated to this case;

V.) Evidence regarding any motor vehicle accident other than the accident which is the subject of this action; and

VI.) Evidence of Plaintiffs' bankruptcy filing prior to the subject motor vehicle accident.

## I. "Secondary Gain" Evidence

Plaintiffs state that Dr. Herbert M. Biel, in his deposition, offered testimony of "secondary gain"–the theory that patients who are involved in litigation tend to exaggerate their symptoms. In his testimony, Dr. Biel states that he felt Mr. Dowden had a low pain threshold and was not responding to treatment as well as patients who were not involved in litigation or a workers' compensation claim.

Plaintiffs state that Dr. Biel's testimony was based upon the false assumption that Mr. Dowden's problems in his shoulder had been fully addressed. Dr. Biel gave his deposition on March 9, 2006, but referred Mr. Dowden to Dr. Robert M. Baltera for further treatment on March 16, 2006. Dr. Baltera ordered a repeat MRI of Mr. Dowden's right shoulder, which showed (1) a near complete tear or rupture of the supraspinatus tendon with some retraction, (2) complete rupture of the biceps tendon, (3) complete tearing away of the subscapularis tendon, and (4) atrophy to the rotator cuff muscles. This damage required a surgical repair of the right rotator cuff, and Dr. Baltera testified that Mr. Dowden's condition had gotten progressively worse between Dr. Biel's last surgery and the surgery that he performed. Plaintiffs argue that at the time of Dr. Biel's testimony, Dr. Biel was unaware that Plaintiff Frank Dowden was suffering from massive damage to his rotator cuff. Plaintiffs state that such testimony is therefore irrelevant and any probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. In support of their assertions of irrelevance and prejudice, Plaintiffs cite *Rodgers v. CWR Const., Inc.*, 343 Ark. 126, 133-34, 33 S.W.3d 506, 511-12 (2000), in which the Arkansas Supreme Court discussed this issue as follows:

Appellants' final point on appeal is that the trial court erred by allowing Dr. Stephen Cathey to testify regarding secondary-gain motivation. They claim that the highly prejudicial testimony significantly outweighed any slight probative value. We find merit in appellants' argument, and we reverse and remand on this issue. Dr. Cathey explained the concept of secondary-gain motivation to the jury at some length and implied that plaintiffs in personal-injury cases may exaggerate their symptoms in order to receive some financial benefit. In fact, Dr. Cathey opined that in those situations, doctors "frequently see secondary gain." He also commented that a lack of objective findings, as Dr. Cathey had observed in Rodgers's case, enters into the possibility of diagnosing someone with secondary gain.

Significantly, Dr. Cathey affirmed during cross-examination that he was not testifying that he believed that appellant was malingering or implying that Rodgers had secondary gain involved in this case. Dr. Cathey unequivocally stated that he was not giving testimony that it was his opinion that there was any secondary gain involved in appellant's case. As a result, we must agree with appellants that the testimony was irrelevant, particularly when Dr. Cathey was unprepared to state that it was a relevant issue in Rodgers's case. Ark. R. Evid. 401 defines relevant evidence as "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Given Dr. Cathey's admission, we conclude that the testimony should have been excluded pursuant to Ark. R. Evid. 402, which states that evidence that is not relevant is not admissible.

Further, even if the evidence had some slight relevance, the testimony should have been excluded per Ark. R. Evid. 403 because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. The jury could easily have concluded that secondary-gain issues were relevant to the case. In light of the foregoing, we hold that the trial court abused its discretion by admitting Dr. Cathey's expert testimony regarding secondary-gain motivation

Defendants argue that this case is distinguishable from *Rodgers* because, in this case, Dr. Biel addressed this patient, this injury, and this patient's recovery from the injury, while in *Rodgers* the neurosurgeon admitted on cross-examination that he did not believe there was any secondary gain involved in that case. The Court does not agree. Even if the Court were to find that the testimony was relevant because Dr. Biel stated that Mr. Dowden's responses to treatment were "affected by his ongoing litigation," the probative value is substantially outweighed by the

3

danger of unfair prejudice, confusion of the issues, and misleading the jury. Plaintiff's motion is granted as to this issue. The highlighted portions of deposition testimony are excluded from evidence.

## II. Diagnosis Testimony by Dr. Biel

Plaintiff Frank Dowden states that in February of 2006, he experienced a sharp pain while attempting to shift gears in a friend's automobile. He states that his right biceps area then became severely bruised and he developed a lump in his arm. Mr. Dowden states that he had a "simple office visit" with Dr. Biel, who referred him to Dr. Baltera for treatment. Dr. Biel testified in his deposition that he did not believe that the February 2006 medical problems were related to the accident at issue in this case.

Plaintiffs argue that Dr. Biel's testimony that the February 2006 medical problems were not causally related to the accident should be excluded as misleading and confusing to the jury. Plaintiffs state that Dr. Baltera, who had full knowledge of Mr. Dowden's history and the problem with his biceps, treated Mr. Dowden for this medical problem for months, conducted an MRI, and performed surgery on Mr. Dowden's rotator cuff, testified that the problem was causally related to the accident.

Defendants argue that Dr. Biel is being offered by the Plaintiffs as an expert orthopedic surgeon. Defendants state that "[j]ust because they disagree with one of his diagnosis, it does not make his diagnosis 'unqualified.'" Defendants argue that Plaintiffs' counsel could have cross-examined Dr. Biel and had Dr. Baltera address the diagnosis, but did not do so. The Court finds Defendants' arguments persuasive. The motion in limine is denied on this issue.

**III. Functional Capacity Exam Evidence**

During Dr. Baltera's testimony, Defendants' counsel questioned Dr. Baltera about a functional capacity evaluation in relation to a spider bite injury to Mr. Dowden's hand that another physician in Dr. Baltera's clinic, Dr. Idler, conducted. Apparently, the evaluation indicates that Mr. Dowden gave "submaximal effort," or did not put his full effort into the test, which leads to an underestimation of Mr. Dowden's ability to perform and unreliable results.

Plaintiffs seek to exclude the functional capacity evaluation and all evidence relating to it as irrelevant and inadmissable character or prior bad act evidence. Plaintiffs state that Dr. Baltera testified that the spider bite injury was a completely separate infection in his hand and unrelated to his shoulder problem. Plaintiffs argue that Defendants are attempting to introduce evidence that Mr. Dowden gave "submaximal effort" in the past, and that he may be doing the same thing in the case at bar. Plaintiffs also argue that any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Defendants argue that the issues in this case are whether Mr. Dowden can work, and if not, which of his injuries caused his inability to work, including the periods of time prior to his retirement. Defendants state that the purpose of a functional capacity examination is to determine whether a patient can do certain things, including certain activities for employment. Defendants also state that this ties into the question raised as to whether Mr. Dowden's lack of healing is related to a lack of motivation due to this litigation.

The Court finds that the functional capacity evaluation and the evidence relating to it should be excluded. The motion in limine is granted as to this issue.

**IV. Workers' Compensation Evidence**

Plaintiffs seek to exclude evidence regarding the workers' compensation claim Mr. Dowden filed for his spider bite injury. Plaintiff states that he pursued a workers' compensation claim for his injuries in this case, but that the workers' compensation benefits for his spider bite injury are completely unrelated to this case. Therefore, Plaintiff argues that evidence regarding the workers' compensation claim concerning the spider bite injury should be excluded pursuant to the collateral source rule and Federal Rules of Evidence 402 and 403.

Defendants argue that Plaintiff has indicated that the workers' compensation claim for the injuries involved in this case are admissible because it is "intertwined" with the other evidence. Additionally, Defendants state that this is not evidence barred by the collateral source rule. Defendants request that the Court not exclude this testimony until it sees how it is intertwined with the other claim upon which evidence will be admitted. Defendants also state that the timing of the workers' compensation claim and Mr. Dowden's absence from and return to work is important in showing the complete picture of Mr. Dowden's injury, recovery and possible unrelated new injury.

The Arkansas Supreme Court has held that "it is error to disclose to the jury compensation that is not to be deducted from the recovery because of the strong possibility of prejudice." *Carton v. Missouri Pacific R. Co.*, 315 Ark. 5, 14, 865 S.W.2d 635, 640 (1993). Thus, it is clear that evidence of any compensation received by Mr. Dowden is not admissible, unless Plaintiff opens the door on the subject. *See e.g., Nazarenko v. CTI Trucking Co., Inc.*, 313 Ark. 570, 583, 856 S.W.2d 869, 876 (1993). Additionally, the Court directs that the workers' compensation claim and results of said claim are inadmissible. However, the underlying facts

and medical evidence concerning the spider bite injury itself are not excluded. Additionally, the fact of Mr. Dowden's absence from work is also admissible.

## V. Other Motor Vehicle Accidents

Plaintiffs state that Mr. Dowden has testified that he has been involved in a few automobile accidents other than the one at issue, but there is no evidence rendering those accidents or the results of those accidents relevant to this case. Thus, Plaintiffs seek to exclude evidence of those accidents pursuant to Federal Rules of Evidence 402 and 403.

Defendants argue that Mr. Dowden was injured in the other accidents and has had prior surgeries, but is contending that he had to take early retirement only as a result of the accident at issue in this case. Defendants state that evidence concerning prior accidents and prior injuries are relevant to show Mr. Dowden's limitations, disability, inability to work, need to take retirement, etc. was a result of something other than this accident. The Court agrees with Defendants. The motion in limine is denied regarding this issue.

## VI. Prior Bankruptcy

Defendants state that they do not intend to introduce evidence concerning the Plaintiffs' prior bankruptcy, unless Plaintiff Frank Dowden opens the door by testifying that this accident caused financial difficulties that required him to sell his tools, etc. Therefore, Plaintiff's motion is granted as to this issue. However, Plaintiffs are placed on notice that if they "open the door," such evidence may be allowed. If Defendants believe that the "door has been opened," Defendants' counsel shall approach the bench to advise the Court of this contention and obtain a ruling out of the presence of the jury.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine (Docket No. 63) be, and it is hereby, GRANTED in part and DENIED in part.

Dated this 13th day of April, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE